ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorney

      450 Golden Gate Avenue, 11th Floor
      San Francisco, California 94102-3495
      Telephone: (415) 436-7248
      FAX: (415) 436-7234
      Email: nicholas.walsh@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 18-CR-00517 CRB |
| Plaintiff, | [PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL |
| v. | |
| ARTRELLE FRAGHER, | |
| a/k/a Richard Lee Evans, | |
| a/k/a Kenneth Winzer, | |
| a/k/a Fragher Smith, | |
| Defendant. | |

On October 23, 2018, an Indictment was filed in the Northern District of California charging

Defendant Artrelle Fragher with three counts of violating Title 21, United States Code, Section

841(a)(1) – Possession with Intent to Distribute a Controlled Substance; one count of violating Title 21,

United States Code, Sections 841(a)(1) and 860(a) – Distribution of a Controlled Substance within 1,000

Feet of a School; and two counts of violating Title 21, United States Code, Sections 841(a)(1) and

860(a) – Possession with Intent to Distribute a Controlled Substance within 1,000 Feet of a School. Defendant made his initial appearance and was arraigned on his Indictment on October 30, 2018. On November 2, 2018, Defendant waived his right to a contested detention hearing, and the matter was put over for district court proceedings. Thereafter, Defendant asserted his right to revisit pretrial detention, and on December 11, 2018, this Court held a detention hearing.

At the detention hearing, Defendant was present and represented by Assistant Federal Public Defender Gabriela Bischof. A Pretrial Services Officer was also present at the hearing. Pretrial Services submitted a report that recommended detention on grounds of both Defendant's risk of flight and danger to the community. The United States moved for detention, and Defendant opposed. The parties submitted proffers and arguments.

Upon consideration of the court file and the parties' proffers and arguments at the detention hearing, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required or the safety of the community. Accordingly, the Court ORDERS that Defendant be detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

See generally 18 U.S.C. § 3142(g).

1    Because of the nature of the charges in this matter, it is presumed that no condition or

2  combination of conditions will reasonably assure the appearance of the person as required and the safety

3  of the community, subject to rebuttal by Defendant. See 18 U.S.C. § 3142(e)(3)(A). After considering

4  all of the facts and proffers presented at the hearing, including the information in the Pretrial Services

5  report, the Court finds Defendant has not rebutted the presumption of detention, as described below.

6    The Court finds that no condition or combination of conditions will reasonably assure

7  Defendant's appearance as required because of: (1) Defendant's current unemployment; (2) Defendant's

8  reported substance abuse history; and, (3) Defendant's prior criminal record, which includes numerous

9  bench warrants suggesting a failure to appear at court as well as numerous probation and parole

10  revocations. These findings establish the likelihood that Defendant would fail to appear as required if he

11  were released pending trial.

12    The Court also finds that no condition or combination of conditions will reasonably assure the

13  safety of the community because of: (1) the nature of the offense, which alleges that, in the Tenderloin

14  neighborhood of San Francisco, Defendant possessed controlled substances with the intent to sell and

15  actually sold controlled substances within 1000 feet of a school; (2) the allegations that the two charged

16  incidents were in a series of eight similar incidents that occurred almost monthly between December

17  2017 and September 2018 in the Tenderloin neighborhood of San Francisco; and, (3) Defendant's prior

18  criminal record, which includes numerous prior convictions for controlled substances offenses and

19  driving under the influence. These findings establish the seriousness of the danger to the community

20  that would be posed by Defendant's release.

21    Accordingly, pursuant to 18 U.S.C. § 3142, IT IS HEREBY ORDERED THAT:

22    (1)    Defendant is committed to the custody of the Attorney General for confinement in a

23          corrections facility separate, to the extent practicable, from persons awaiting or serving

24          sentences or being held in custody pending appeal;

25    (2)    Defendant be afforded reasonable opportunity for private consultation with his counsel;

26          and,

27    (3)    on order of a court of the United States or on request of an attorney for the government,

28          the person in charge of the corrections facility in which Defendant is confined shall

1    deliver Defendant to an authorized Deputy United States Marshal for the purpose of any

2    appearance in connection with a court proceeding.

3         This Order is without prejudice to reconsideration at a later date if circumstances change.

4

5    IT IS SO ORDERED.

6         December 13, 2018

HON. SALLIE KIM
United States Magistrate Judge