IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　v.<br>ARTELLE FRAGHER,<br>　　　　　Defendant. | Case No. 18-cr-00517-CRB-1<br><br>**ORDER RE JURISDICTION** |

　　　　Defendant Artelle Fragher has repeatedly expressed concern that his prosecution by the federal government is improper because the state, not the federal government, has jurisdiction over him. This concern appears to be based, at least in part, on Mr. Fragher's early contact with the San Francisco Police Department ("SFPD") in this matter.

　　　　At the March 8, 2019 status hearing, government counsel explained that there are officers of the SFPD or other local police departments who are "essentially cross-deputized" to work on task forces with the federal government. He further explained that in this case, an SFPD task force officer became aware of Mr. Fragher's alleged conduct through the SFPD, and brought the alleged conduct to the United States Attorney's Office for review. The Court echoed that apparently the SFPD had conducted the primary investigation into Mr. Fragher's alleged conduct, and that, in light of the SFPD's working relationship with the federal government, the SFPD had turned the information it had about Mr. Fragher over to the federal government.

　　　　Mr. Fragher continued to express concern that the federal government does not have jurisdiction over this case. Most recently, at an ex parte hearing on August 7, 2019, Mr. Fragher submitted to the Court the case of Ponzi v. Fessenden, 258 U.S. 254 (1922),

having highlighted, among other things: "The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control . . . must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose." Mr. Fragher also submitted to the Court at that time a printout of 21 Am. Jur. 2d Criminal Law § 421, having highlighted, among other things: "To try a person for the commission of a crime, a trial court must have both personal jurisdiction over the defendant and subject matter jurisdiction as to the crime itself. Without personal jurisdiction, the court has no person to hold accountable; without subject matter jurisdiction, the court has no alleged crime to hold the person responsible for." The Court told Mr. Fragher that it would consider the submissions a motion as to jurisdiction—one that would not violate any plea agreement contemplated with the government—and that the Court would file an order addressing it.

The Court now affirms that the kind of arrangement described by the government at the March 8, 2019 status hearing is not unusual and does not bar Mr. Fragher's federal prosecution. See, e.g., United States v. Harger, 313 F. Supp. 3d 1082, 1085 (N.D. Cal. 2018) (describing initial investigation by "SFPD Gang Task Force"); United States v. Mumphrey, 193 F. Supp. 3d 1040, 1032 (N.D. Cal. 2016) (describing "Operation Safe Schools" as "a program jointly undertaken by the U.S. Attorney's Office ('USAO'), the Drug Enforcement Administration ('DEA'), and the San Francisco Police Department ('SFPD')."); United States v. Williams, No. 13-cr-00764-WHO-1, 2016 WL 503116, at *1 (N.D. Cal. Feb. 9, 2016) ("The San Francisco Police Department ('SFPD') investigated the Central Divisadero Players ('CDP') and some of its alleged members for years before federal prosecutors decided to bring this RICO case against ten of its alleged members."); id. (noting that the "Gang Task Force" in that case "includes both federal and SFPD personnel.").

Mr. Fragher is of course correct that the Court must have both personal and subject matter jurisdiction over him. "Federal courts are courts of limited jurisdiction," and the

government has the burden of demonstrating jurisdiction. See United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008). Nevertheless, the government has met its burden here. "[F]ederal courts have exclusive jurisdiction over 'all offenses against the laws of the United States.'" Id. (quoting 18 U.S.C. § 3231). Mr. Fragher is charged in the Indictment with having violated 21 U.S.C. §§ 841(a)(1); 841(b)(1)(C) – Possession with Intent to Distribute a Controlled substance; 21 U.S.C. §§ 841(a)(1); 841(b)(1)(C); and 860(a) – Distribution of a Controlled Substance within 1000 Feet of a School; 21 U.S.C. §;; 841(a)(1); 841(b)(1)(C); and 860(a) – Possession with Intent to Distribute a Controlled Substance within 1000 Feet of a School; and 21 U.S.C. § 853 – Criminal Forfeiture. See generally Indictment (dkt. 1). He is therefore charged with "offenses against the laws of the United States." See 18 U.S.C. § 3231. Accordingly, the Court has subject matter jurisdiction in this case. See Marks, 530 F.3d at 810. Moreover, this Court has personal jurisdiction over Mr. Fragher "by virtue of [Mr. Fragher's] having been brought before it on a federal indictment charging a violation of federal law." See id. at 810–11 (citing United States v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003), United States v. Lussier, 929 F.2d 25, 27 (1st Cir. 1991), United States v. Warren, 610 F.2d 680, 684 n.8 (9th Cir. 1980)).

Ponzi v. Fessenden does not say otherwise. That case involved whether the Attorney General had the power to consent to a federal prisoner being taken to state court to face trial. 258 U.S. at 255. The Supreme Court concluded that the Attorney General did have such power. Id. at 262. It held that while "no state court could assume control of [a defendant] without the consent of the United States" during the defendant's federal sentence, the Attorney General could consent to transfer a federal prisoner to the prisoner's state trial, "provided it does not prevent enforcement of the sentence of the federal courts or endanger the prisoner." Id. at 261, 263. Ponzi is therefore factually distinguishable—the Court is unaware of any competing custody issues in Mr. Fragher's case.

Nonetheless, the Court understands that Mr. Fragher cites to Ponzi not because of any factual similarity to our case, but for its language about the two sovereigns. True

3

enough, the Court in <u>Ponzi</u> recognized that "[w]e live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory." <u>Id.</u> at 259. Importantly, though, the Court in <u>Ponzi</u> emphasized that "[t]he situation requires . . . not only definite rules fixing the powers of the courts in cases of jurisdiction over the same persons . . . in actual litigation, but also a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure." <u>Id.</u>; <u>see also</u> <u>id.</u> at 263 (Attorney General may "practice the comity which the harmonious and effective operation of both systems of courts requires. . . .").

In this case, the SFPD appears to have investigated Mr. Fragher and then turned the results of its investigation over to the federal government for prosecution. Arguably, this represents the kind of mutual assistance <u>Ponzi</u> was describing. In any case, it does not represent a bar to federal jurisdiction, which the government has established. Accordingly, the Court finds that it has jurisdiction in this case.

**IT IS SO ORDERED.**

Dated: August 8, 2019

_____
CHARLES R. BREYER
United States District Judge

4